## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| SOFTWAVE TISSUE REGENERATION TECHNOLOGIES, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SOFWAVE MEDICAL LTD., YOUTHTOPIA MED SPA, LLC and BUCKHEAD FACIAL PLASTIC SURGERY CENTER, P.C., | ) ) ) ) | Civil Action File No. |
| | ) | **Jury Trial Demanded** |
| Defendants. | ) ) | |

## COMPLAINT

COMES NOW Plaintiff Softwave Tissue Regeneration Technologies, LLC ("SoftwaveTRT") and makes files this Complaint against Defendants Sofwave Medical, Ltd. ("Sofwave"), Youthtopia Med Spa, LLC ("Youthtopia") and Buckhead Facial Plastic Surgery Center, P.C. ("Buckhead Facial") and shows the Court the following:

### NATURE OF THE ACTION:

1.      SoftwaveTRT is a medical technology company that develops, manufacturers, and sells Extra Corporeal Shockwave Technology ("ESWT")

devices used to treat a variety of medical conditions under the federally registered trademark SoftWave®.

2.      Defendant Sofwave sells and promotes ultrasound devices to treat a variety of medical conditions under the federally registered trademark Sofwave and is using "Sofwave" prominently in their marketing and promotional materials and using at least one internet domain containing "sofwave" *e.g.* https://sofwave.com/.

3.      Defendants Youthtopia and Buckhead Facial are medical providers located in the Northern District of Georgia who use Sofwave devices in their practices and promote their practices using Sofwave in their marketing materials, including on their websites.

4.      Plaintiff has recently filed two Petitions to Cancel the Sofwave marks in the United States Patent and Trademark Office, Before the Trademark Trial and Appeal Board ("TTAB") to cancel the Sofwave marks("Cancellation Proceedings"). Plaintiff now brings this action under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), for trademark infringement and cybersquatting seeking treble damages, attorneys fees and injunctive relief.

## PARTIES, JURISDICTION, AND VENUE

5.      Plaintiff SoftwaveTRT is a Georgia Limited Liability Corporation.

6.    SoftwaveTRT is the registrant ("Registrant") of the Softwave® Mark, Reg. No. 4,388,328 issued on August 20, 2013 (the '328 Mark") and is duly authorized to license their use to others.

7.    Defendant Sofwave is a Delaware Corporation with its United States headquarters at 1211 Puerta Del Sol, Suite 200, San Clemente CA 92673.  Its Registered agent, Pamela A. Pearson, can be served with summons and copy of this complaint at 9 Groveside Drive, Aliso Viejo, CA, 92656.

8.    Defendant Youthtopia is a Georgia Limited Liability Company with its principal place of business in Fulton County, Georgia.  Its owner, Tracy Olson, can be served with Summons and a Copy of this complaint at 33 Teasley St., Suite 115 Alpharetta, GA 30009.

9.    Defendant Buckhead is a Georgia professional corporation with its principal place of business in Fulton County Georgia.  Its registered agent, Dr. Theresa Jarmuz, can be served with Summons and a Copy of this Complaint at 1218 West Paces Ferry Road, Suite 108, Atlanta Georgia, 30327.

10.    This Court has subject matter jurisdiction over this Complaint under 28 U.S.C. §§ 1331, 1338, 2201 and 2202 based on Federal Question jurisdiction arising under the Lanham Act, 15 U.S.C. § 1111 *et seq*.

11.    This Court has personal jurisdiction over Defendant Sofwave because it transacts business within this district, has engaged in acts or omissions within this district causing injury to Plaintiff, and has otherwise made or established contacts with this district sufficient to permit the exercise of personal jurisdiction.

12.    Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district

### Facts Common to All Causes of Action

13.    Founded in 2004, SoftWaveTRT is a "medical technology company that is developing advanced solutions specializing in shock wave therapy for better patient healing." *See* SoftwaveTRT's website, available at, www.softwaretrt.com/about-softwave.

14.    SoftWave TRT is currently engaged in business throughout the United States. SoftWave TRT also has a strong international presence through its German affiliate, MTS Europe GmbH ("MTS").

15.    SoftWaveTRT develops and manufactures its "SoftWave" devices through MTS.  The technology utilized in the devices can be categorized into two groups: (a) patented, unfocused "SoftWaves" for soft tissue indications (*e.g.*,

wounds) and (b) focused shockwaves for lithotripsy and bony indications (*e.g.*, non-healing fractures).

16.     The patented SoftWave technology uses various lens configurations to produce acoustic pressure waves.  The pressure waves can be shaped through a reflector, which enables the transmission of either highly-focused shockwaves for use on human tissue, or soft-focused or unfocused pressure waves (*i.e.*, SoftWaves) for most soft tissue indications.

17.     SoftWaveTRT's technology provides a number of advantageous benefits, including, but not limited to: (a) painless treatments not requiring the use of localized anesthesia; (b) the ability to treat larger surfaces, such as wounds, faster and more efficiently than competing shockwave devices; and (c) small, compact devices that are less expensive to manufacture than competing devices.

18.     SoftwaveTRT was the first company to discover (and patent the inventions used to generate) the biologic response generated by unfocused SoftWave technology, including: (a) promotion of growth factors (e.g., VEGF, BPM, and OP); (b) promotion of nitric oxide; (c) improved vascularity; and (d) migration and differentiation of stem cells.

19.     SoftwaveTRT's extensive patent portfolio includes but is not limited to: (a) dozens of United States Patents; (b) published United States patent

applications; (c) international patent applications; and (d) international patents.

Specifically, SoftwaveTRT's patent portfolio consists of at least the following:

| Patent/Pub. No. | Date | Title |
|---|---|---|
| U.S. 7,470,240 | Dec. 30, 2008 | Pressure pulse/shock wave therapy methods and an apparatus for conducting the therapeutic methods |
| U.S. 7,841,995 | Nov. 30, 2010 | Pressure pulse/shock wave therapy methods and an apparatus for conducting the therapeutic methods |
| U.S. 7,905,845 | March 15, 2011 | Pressure pulse/shock wave therapy methods and an apparatus for conducting the therapeutic methods |
| U.S. 7,883,482 | Feb. 8, 2011 | Pressure pulse/shock wave therapy methods and an apparatus for conducting the therapeutic methods |
| U.S. 7,507,213 | March 24, 2009 | Pressure pulse/shock wave therapy methods for organs |
| U.S. 7,537,572 | May 26, 2009 | Treatment or pre-treatment for radiation/chemical exposure |
| U.S. 7,601,127 | Oct. 13, 2009 | Therapeutic stimulation of genital tissue or reproductive organ of an infertility or impotence diagnosed patient |
| U.S. 7,497,834 | March 3, 2009 | Germicidal method for eradicating or preventing the formation of biofilms |
| U.S. 7,497,835 | March 3, 2009 | Method of treatment for and prevention of periodontal disease |
| U.S. 7,544,171 | June 9, 2009 | Methods for promoting nerve regeneration and neuronal growth and elongation |
| U.S. 7,600,343 | Oct. 13, 2009 | Method of stimulating plant growth |
| U.S. 7,578,796 | Aug. 25, 2009 | Method of shockwave treating fish and shellfish |
| U.S. 7,497,836 | March 3, 2009 | Germicidal method for treating or preventing sinusitis |
| U.S. 8,162,859 | April 24, 2012 | Shock Wave Treatment Device and Method of Use |
| U.S. 7,594,930 | Sept. 29, 2009 | Method of attaching soft tissue to bone |

| Patent/Pub. No. | Date | Title |
|---|---|---|
| U.S. 7,988,648 | Aug. 2, 2011 | Pancreas Regeneration Treatment For Diabetics Using Extracorporeal Acoustic Shock Waves |
| U.S. 8,257,282 | Sept. 4, 2012 | Pressure Pulse/Shock Wave Apparatus for Generating Waves Having Plane, Nearly Plane, Convergent Off Target or Divergent Characteristics |
| U.S. 8,535,249 | Sept. 17, 2013 | Pressure Pulse/Shock Wave Apparatus for Generating Waves Having Plane, Nearly Plane, Convergent Off Target or Divergent Characteristics |
| U.S. 7,390,308 | June 24, 2008 | Apparatus and process for optimized electro-hydraulic pressure pulse generation |
| U.S. 6,217,531 | April 17, 2001 | Adjustable electrode and related method |
| U.S. 7,695,443 | April 13, 2010 | Device for generating shock waves |
| U.S. 7,775,995 | Aug. 17, 2010 | The Use of a Thyristor for Electric Switching During the Generation of Shock Waves |
| U.S. Pub. 2007/0239082 | Oct. 11, 2007 | Shock Wave Treatment Device |
| U.S. Pub. 2008/0191596 | Aug. 14, 2008 | An Improved Device For Producing Electrical Discharges in an Aqueous Medium |
| U.S. Pub. 2008/0269651 | Oct. 30, 2008 | Wound Care Bandaging In Combination With Acoustic Shock Wave Applications |
| U.S. Pub. 2009/0041864 | Feb. 12, 2009 | Apparatus and Method for Cellular Extract Enhancement |
| U.S. Pub. 2009/0088670 | April 2, 2009 | Shock Wave Coupling Adapter and Method of Use |
| U.S. Pub. 2009/0093739 | April 9, 2009 | Apparatus for Generating Electrical Discharge |
| U.S. Pub. 2011/0177576 | June 21, 2011 | Shock Wave Cell Treatment Device And Method To Enhance Cell Replication |
| U.S. Pub. 2008/0183111 | June 31, 2008 | Device And Method For Generating Shock Waves |
| EP1981463 | | Shock Wave Treatment Device And Method Of Use |

| Patent/Pub. No. | Date | Title |
|---|---|---|
| EP1981412 | | Improved Shock Wave Treatment Device |
| WO 2007/098300 | Aug. 30, 2007 | Shock Wave Treatment Device And Method Of Use |
| WO 2007/087470 | Aug. 2, 2007 | Improved Shock Wave Treatment Device |

20.    Currently, SoftwaveTRT's three primary initiatives consist of: (a) selling approved devices throughout North America; (b) securing legal protection for its products and intellectual property; and (c) obtaining regulatory approval or clearance in the United States.

21.    In addition to its substantial patent law rights, SoftwaveTRT owns the '328 Mark for the Word Mark Softwave® for "Medical treatment of soft tissue indications and other injuries utilizing acoustic pressure pulses emitted from a shock wave device or a pulsed acoustic wave generator and not for treating hearing issues, enhancing auditory ability or addressing auditory issues or injuries."  A true and accurate copy of the TSDR is attached hereto as Exhibit A.  The registration issued on August 20, 2013; that is, well before the infringement at issue in this Complaint. The registration is a "Standard Character Mark," meaning that the registration is not limited to a particular font or script ("Word Mark").  As the registration reflects, the Softwave® Mark has been in continuous use since May of 2011 and is incontestable.

22.    The registration of the Softwave® mark constitutes prima facie evidence of Plaintiff's exclusive right to use the mark in connection with the services specified therein.

23.    Part of the Plaintiff's business model is licensing the right to offer medical treatments which use that technology, along with the trademarks, to purchasers of SoftwaveTRT Devices.

24.    Defendants operate a business specializing in skin treatments to reduce lines and wrinkles. The device used to administer these treatments uses acoustic wave technology similar to Plaintiff's. The devices used by Defendants even have a similar appearance to those of Plaintiff.  Both have rectangular touch screens of similar sizes, long hose-like cords, and similar looking applicators for administering acoustic wave treatments. Although Plaintiff's market is broader than Defendant's, Plaintiff markets their devices within the fields of aesthetics and skin treatment as the DermaGold.  In other words, the kind of providers and patients Defendants market to and treat are also marketed to and treated by Plaintiff, so there is substantial overlap in the potential customer base of each in the field of aesthetics.

25.    Plaintiff first became aware of Sofwave in or around October of 2021. In January of 2022, Plaintiff SoftwaveTRT received a phone call from medical provider of myofascial and body work who was looking to purchase a Sofwave

device from SoftwaveTRT.  This was the first evidence of actual confusion in the marketplace known to SoftwaveTRT.

26.    SoftwaveTRT has subsequently received multiple phone calls regarding patients allegedly injured after being treated by SoftwaveTRT devices. On further investigation, the calls were not about patients allegedly injured by SoftwaveTRT devices, but were about patients allegedly injured after being treated with Sofwave devices.  This constitutes further proof of actual confusion in the marketplace.

27.    Defendants' use of a mark that is confusingly similar to Plaintiff's Marks is deceiving the public, causing irreparable harm and damage to Plaintiff, and unlawfully generating income for Defendants.

28.    Defendants' continued use of  Sofwave without Plaintiff's consent causes customer confusion and damages the Goodwill associated with the Softwave® Marks.

29.    Defendants' intentional, willful and malicious activities described above enable Defendants to trade on and receive the benefit of the goodwill SoftwaveTRT has built in its trademarks and trade names through great labor and expense over many years in each state of the United States.

30.    Defendants have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the public and, additionally, injury to SoftwaveTRT's goodwill and reputation as symbolized by the Softwave® Marks.

31.    The activities of Defendants described above create the false and misleading impression that Defendant's services are affiliated, connected, or associated with SoftwaveTRT, or have the sponsorship, endorsement or approval of SoftwaveTRT.

32.    The unfair and deceptive activities of Defendants described above remove from SoftwaveTRT the ability to control the nature and quality of services provided in connection with the trade name Softwave® and place the valuable reputation and goodwill of SoftwaveTRT in the hands of Defendants, over which Plaintiff has no control.

33.    The acts of Defendants have caused irreparable injury to SoftwaveTRT and, unless restrained by this Court, will continue to cause irreparable injury to SoftwaveTRT and to the public.  There is no adequate remedy at law for this injury.

## COUNT I
## FEDERAL TRADEMARK AND SERVICE MARK INFRINGEMENT
### (Use of *Sofwave* in Violation of Section 32 of the Lanham Act,
### 15 U.S.C. § 1114(a))

34.    Plaintiff restates and incorporates by reference the allegations contained in the preceding Paragraphs of this complaint as if set forth fully herein.

35.    Defendants' use of "Sofwave" contains a confusingly similar imitation of Plaintiff's registered Softwave® Marks.

36.    Defendants' continued use of "Sofwave" is not authorized by SoftwaveTRT and said unauthorized use has caused confusion, deception, and mistake by creating the false and misleading impression that Defendants' businesses and services are affiliated, connected, or associated with Plaintiff or have the sponsorship, endorsement, or approval of Plaintiff, all in violation of 15 U.S.C. § 1114.

37.    Defendants' unauthorized use of confusingly similar imitations of Plaintiff's registered Softwave® Marks, notwithstanding Defendants' actual knowledge of Plaintiff's ownership of the Marks, demonstrates an intentional, willful, and bad faith intent to trade on the goodwill of Plaintiff's Softwave® Marks and a bad faith intent to cause confusion, deception, and mistake in the minds of Plaintiff's customers and potential customers to the great and irreparable injury of

Plaintiff and their duly authorized customers, licensees and users.  Defendants have been unjustly enriched thereby.

38.     Because Defendants' infringing conduct is causing and is likely to cause substantial injury to the public, the Plaintiff and the duly authorized licensees, Plaintiff are entitled to injunctive relief, and to recover Defendants' trebled profits, their costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

**COUNT II**
**VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT**
**("*Sofwave* Infringing Website")**

39.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-33 as if set forth fully herein.

40.     Defendant Sofwave has created and uses an electronic URL address, www.sofwave.com (the Sofwave Infringing Domain Name), that has caused confusion, deception, and mistake by creating the false and misleading impression that its online business located online is affiliated, connected, or associated with SoftwaveTRT or has the sponsorship, endorsement, or approval of SoftwaveTRT, in violation of 15 U.S.C. § 1125(a).

41.     By registering and using the Sofwave Infringing Domain Name, Defendant Sofwave has registered, trafficked in, and used a domain name that is confusingly similar to Plaintiff's Softwave® Marks.

42.     Sofwave registered the Sofwave Infringing Domain Names and has used it with the intent to divert consumers from Plaintiff's online location to websites accessible under a domain name that could harm the goodwill represented by Plaintiff's Softwave® Marks.  Defendant registered the Sofwave Infringing Domain Name with the bad faith intent to profit by creating a likelihood of confusion as to source, sponsorship, affiliation, or endorsement of the website.

43.     Sofwave's actions constitute cyberpiracy in violation of 15 U.S.C. § 1125(d).

44.     Sofwave's unauthorized registration and use of the Sofwave Infringing Domain Name has caused, and unless preliminarily and permanently enjoined, will continue to cause irreparable injury to SoftwaveTRT and to the goodwill associated with Plaintiff's Softwave® Marks.

45.     Because Sofwave's infringing conduct caused substantial injury to the public and to Plaintiff, Plaintiff is entitled to injunctive relief, and to recover either statutory damages under 15 U.S.C. § 1117(d) or Defendants' trebled profits, together with Plaintiff's costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT III
## PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

46.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-33 as if set forth fully herein.

47.     Defendants' unauthorized uses of "Sofwave" violates the Lanham Act, the Anticybersquatting Consumer Protection Act, and the common law.

48.     The damages and injuries caused to Plaintiff by the foregoing constitute damages and injuries which are ongoing for which there is not an adequate remedy at law.

49.     By reason of the foregoing, Plaintiff is entitled to: (a) a preliminary injunction; and (b) a permanent injunction requiring Defendants: (i) to immediately cease and desist from any further use of Sofwave; (ii)  to destroy, obscure, or remove all Sofwave paraphernalia, signage, and marketing materials; (iii) to remove all uses of or references to Sofwave on any web page or social media website; and (iv) to discontinue their use of and to terminate the www.sofwave.com website and any and all other websites which use "sofwave" or any other variation thereof.

## COUNT IV
## CANCELLATION OF U.S. REGISTRATION NOS. 6,494,501 AND 6,286,517 (15 U.S.C. §1119)

50.     Plaintiff repeats and incorporates by reference the allegations contained Paragraphs 1-33 as if set forth fully herein.

51.    Defendant Sofwave claims ownership of two registered trademarks identified as Registration No. 6,286,517 issued on March 9, 2021 (the "'517 Mark" the TSDR for which is attached hereto as Exhibit B) for "Energy-based medical devices utilizing proprietary ultrasound energy technology for performing aesthetic skin treatment procedures; medical devices for skin treatment; ultrasound apparatus for medical and therapy purposes; apparatus for non-invasive skin treatment" and Registration No. 6,494,501 issued on September 21, 2021 (the "'501 Mark" the TSDR for which is attached hereto as Exhibit C) for "apparatus for the treatment of cellulite and other skin conditions; medical apparatus for the cooling of the skin; aesthetic massage apparatus."   With reference thereto, this Court is granted jurisdiction pursuant to Section 37 of the Lanham Act (15 U.S.C. §1119) to "determine the right registration, order the cancellation of registrations, in whole or in part … and otherwise rectify the register with respect to the registrations of any party."

52.    Sofwave's "Sofwave" mark as shown by the '501 Mark is confusingly similar to Plaintiff's previously issued SOFTWAVE® mark because there is a likelihood of confusion, mistake or deception in violation of federal and state statutory and common law.   Accordingly, the '501 Mark should be cancelled pursuant to 15 U.S.C. §§ 1064 and 1119.

53.     Sofwave's "Sofwave" mark as shown by the '517 Mark is confusingly similar to Plaintiff's previously issued SOFTWAVE® mark because there is a likelihood of confusion, mistake or deception in violation of federal and state statutory and common law.   Accordingly, the '517 Mark should be cancelled pursuant to 15 U.S.C. §§ 1064 and 1119.

54.     Pursuant to the Lanham Act, 15 U.S.C. §§ 1064 and 1119, this Court has jurisdiction to order a stay of the Cancellation Proceedings before the TTAB and order the United States Patent and Trademark Office to make appropriate entries on the Federal Register with respect to the '517 Mark and the '501 Mark and their inability to be registered.   Due to the confusingly similar nature and in view of SoftwaveTRT's prior and superior rights, this Court should cancel both registrations from the Federal Register.

55.     Sofwave, by way of obtaining the '501 Mark and the '517 Mark, has created actual confusion, a likelihood of confusion and will continue to create a likelihood of confusion, all to the irreparable injury of the Plaintiff unless restrained by this Court.   Accordingly, Sofwave's '501 Mark and '517 Mark should be cancelled in their entirety.

**DEMAND FOR JURY TRIAL**

56.     Plaintiff demands trial by struck jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays:

1.      That process be issued and Defendants be served with Summons and a copy of this Complaint;

2.      That Defendants, their partners, agents, employees, and all persons in active concert or participation with Defendants, be permanently enjoined and restrained from:

(a)     using in the United States the <www.sofwave.com> website and any and all other websites which use "sofwave", "softwave" or any other term that starts with an "sof" and ends in "wave"; and any trademark, company name, domain name, or other designator that is confusingly similar to Plaintiff's Softwave® Marks;

(b)     passing off to the public in the United States that Defendants' businesses, products, or services are those of or originate with Plaintiff;

(c)     engaging in any other conduct in or affecting commerce in the United States which will cause, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the affiliation, connection, association, origin, sponsorship, or approval of Defendants' business, products, or services with or by Plaintiff;

(d)    otherwise infringing upon Plaintiff's Softwave® Marks or unfairly competing with Plaintiff or their duly authorized distributors, customers and users in any manner whatsoever; and

3.    That Defendants be required to remove all uses of or references to "Sofwave" on any web page or social media website and to discontinue their use of and to terminate the <www.sofwave.com> websites and any and all other websites which use "sofwave" or any other term that starts with a "sof" and ends in "wave";.

4.    That an accounting be ordered and judgment be rendered against Defendants for all profits received from the sale, rental, or provision of products or services in the United States in connection with, or advertised or promoted in any manner with the infringing <www.sofwave.com> website and any and all other websites which use "sofwave" or any other term that starts with a "sof" and ends in "wave"; and any other confusingly similar imitations of Plaintiff's Softwave® Mark.

5.    That the award of profits resulting from Defendants' infringement, unfair competition, false designation of origin of products and services, and false advertising be trebled.

6.    That Plaintiff recover their actual damages.

7.    That the award of actual damages from Defendants' infringement, unfair competition, and false designation of origin of products and services be trebled.

8.    That Plaintiff recover statutory damages under 15 U.S.C. § 1117(d) in the amount of $100,000 per infringing domain name.

9.    That Defendants be required to deliver up for destruction all advertising and promotional materials, shirts, hats, uniforms, labels, cartons, brochures, business stationary, calling cards, information sheets, posters, signs, and any and all other printed or graphic materials of any type that Defendants use for promotion and sale in the United States, including the plates, molds, or other means of producing the materials, which bear references to "sofwave", or to the www.sofwave.com website and any and all other website which use any other term that starts with an "sof" and ends in "wave";

10.    That Defendants be required to remove any and all marks, logos or other graphic materials from their vehicles, tools and other equipment of any type that Defendants use in any way, shape or form in the United States, which bear references to "sofwave", confusingly similar imitations of Plaintiff's Softwave® Mark, or to the www.sofwave.com domain names.

11.    That Defendants be directed to file with the Court and serve on SoftwaveTRT, within thirty (30) days after entry of a final injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

12.    That this Court declares the Sotwave Marks to be invalid.

13.    That Plaintiff be awarded its costs in connection with this suit, including reasonable attorneys' fees and expenses.

14.    That SoftwaveTRT be awarded such other and further relief as the Court may deem just and proper.

This 28th day of June, 2024.

COCHRAN & EDWARDS, LLC
2950 Atlanta Road SE
Smyrna, Georgia 30080-3655
(770) 435-2131
(770) 436-6877 (*fax*)
randy@cochranedwardslaw.com
eric@cochranedwardslaw.com

*s/Randy Edwards*
R. Randy Edwards
Georgia Bar No. 241525
Eric Logan
Georgia Bar No. 259421

*Attorneys for Plaintiff*

*Softwave Tissue Regeneration Technologies, LLC.*

## **LOCAL RULE 7.1D CERTIFICATION**

By signature below, counsel certifies that the foregoing document was

prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1B.


*/s/Randy Edwards*

Randy Edwards
Georgia Bar No. 241525